### In re: MEDTRONIC, INC., IMPLANTABLE DEFIBRILLATORS PRODUCTS LIABILITY LITIGATION

### Nancy McGinley, etc. v. Medtronic USA, Inc., et al., D. Nebraska, C.A. No. 8:07–424.

### MDL No. 1726.

United States Judicial Panel on Multidistrict Litigation.

April 8, 2008.

Before D. LOWELL JENSEN, Acting Chairman, JOHN G. HEYBURN II, Chairman *, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN, and ANTHONY J. SCIRICA *, Judges of the Panel.

---

* Judges Heyburn and Scirica took no part in the disposition of this matter.

## ORDER VACATING CONDITIONAL TRANSFER ORDER

D. LOWELL JENSEN, Acting Chairman.

**Before the entire Panel \*:** Defendants Medtronic USA, Inc., and Medtronic, Inc. (Medtronic), in an action pending in the District of Nebraska have moved pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001), asking the Panel to vacate its order conditionally transferring the action to the District of Minnesota for inclusion in MDL No. 1726. Plaintiff did not respond to the motion.

After considering all argument of counsel, we find that any factual questions that this action may share with the MDL No. 1726 actions are insufficient to warrant transfer at this time. Specifically, the action contains allegations involving a Medtronic device that was not subject to the recalls of either April 2004 (involving Gem DR or Micro Jewel II Cx devices implanted in 1997 and 1998) or February 2005 (embracing Marquis devices with batteries manufactured between April 2001 and December 2003) that are at issue in MDL No. 1726. Accordingly, we are persuaded that inclusion of this action in MDL No. 1726 is not warranted.

Should such a need arise, alternatives to transfer exist that can minimize whatever possibilities there might be of duplicative discovery and/or inconsistent pretrial rulings between this action and the MDL No. 1726 actions. *See, e.g., In re Eli Lilly and Company (Cephalexin Monohydrate) Patent Litigation,* 446 F.Supp. 242, 244 (Jud. Pan.Mult.Lit.1978); *see also Manual for Complex Litigation (Fourth),* § 20.14(2004).

\* Judges Heyburn and Scirica took no part in

IT IS THEREFORE ORDERED that our conditional transfer order designated as "CTO–41" is vacated.